UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRUCE MCCALLISTER, d/b/a ) <br> OL TOP'S PAWN SHOP, ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, BUREAU OF ALCOHOL, ) <br> TOBACCO, FIREARMS AND EXPLOSIVES, ) <br>     Respondent. ) | Case No. 2:11CV00020 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Bruce McCallister's[1] Motion for Summary Judgment [ECF No. 13], and Respondent the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives's ("ATF" or "Respondent") Cross-Motion for Summary Judgment [ECF No. 16].

## **I.  BACKGROUND FACTS**

The following fact statement is a recitation of undisputed facts taken from Petitioner Bruce McCallister's Motion, his affidavit, and Statement of Uncontroverted Facts, and Respondent's Cross-Motion and Statement of Material Undisputed Facts. Whereas Respondent disputed some of the assertions in McCallister's Statement of Uncontroverted Facts, McCallister did not dispute any of the assertions in Respondent's Statement of Material Undisputed Facts. All facts not specifically disputed by McCallister are deemed admitted by the Court. Fed. R. Civ. P. 56(e)(2); E.D.Mo. L.R. 4.01(E).

---

[1] McCallister conducts business as Ol Top's Pawn Shop.

McCallister is the owner and sole proprietor of Ol Top's Pawn Shop. In March 1999, ATF issued a federal firearms license to McCallister as a dealer in firearms, which allows McCallister the ability to sell and pawn firearms. His Federal Firearms License Number is 5-43-163-021D-40269.

In 2004, ATF conducted a compliance inspection of the licensed premise, Ol Top's Pawn Shop. The inspection resulted in a Report of Violations that listed several violations including 1) the failure to conduct National Instant Criminal Background ("NICS") checks; 2) the failure to make proper and timely entries into the Acquisition and Disposition ("A&D") record; 3) the failure to complete ATF Form 4473; and 4) the failure to submit a Report of Multiple Sale of Handguns and Revolvers. ECF No. 15-3 at 2. As of result of these violations, a revocation hearing was held, but McCallister's license was not revoked. *Id*.

In 2008, ATF conducted another compliance inspection. Several violations were found including the failure to properly record information on ATF Form 4473 and the failure to timely record entries into the A&D record. McCallister signed an ATF form entitled, "Acknowledgment of Federal Firearms Regulations," on March 19, 2008. Directly above his signature, the ATF form states:

> The investigator explained the above information to me on 3/19/08 and answered my questions regarding this information. I have received a copy of this for my records as a reference. I understand that this is only a general overview of the regulations and that I will be responsible for familiarizing myself with all of the law and regulations governing my licensed firearms business.

ECF No. 17-2 at 5. Because the 2008 violations were similar to the 2004 violations, ATF required McCallister to attend a warning conference on April 15, 2008. At the warning conference, an ATF agent educates the license holder on regulatory requirements and necessary corrective actions. ECF No. 15-3 at 16-17. McCallister also received a follow-up letter that summarized the violations, regulatory requirements, and corrective actions discussed during warning conference. ECF No. 17-2

at 6-7. The letter warns, "You are reminded that future violations, repeat or otherwise, could be viewed as willful and may result in the revocation of your license." *Id*. at 7.

In 2009, ATF again conducted a compliance inspection. Thirteen violations were found including 1) the failure to enter firearms into the A&D record pursuant to 27 C.F.R. § 478.125(e); 2) the failure to properly and accurately complete ATF Form 4473 pursuant to 27 C.F.R. 487.124(c); and 3) the failure to run a NICS check on a purchaser pursuant to 27 C.F.R. § 478.102(a)(2)(ii). ECF No. 15-3 at 16. ATF sent McCallister a Notice of Revocation of License, ATF Form 4500, which enumerates in detail the alleged violations.

McCallister requested a revocation hearing. At the administrative hearing, the following colloquy occurred between McCallister and his attorney:

> Q. Is there anything about any of these violations that you've been cited for that you do not believe that you did not have to correct in your business?
> [McCallister]. No, they all need to be corrected, yes.
> Q. You've taken steps to do that?
> A. Yes.
> Q. You don't take exception with [the ATF agent] in regard to the findings that he's made. Is that true?
> A. No.

ECF No. 17-3 at 144. The ATF agent also testified that McCallister admitted that they made record-keeping errors and he knew those errors were impermissible. *Id*. at 135.

The ATF issued a Final Notice of Revocation on February 3, 2011. McCallister then sought judicial review from this Court. Both parties now move for summary judgment.

## II. LEGAL STANDARD

A court shall grant a motion for summary judgment only if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a

3

genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must make a showing to the court that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* However, "[i]f a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purpose of the motion[.]" Fed. R. Civ. P. 56(e)(2); *see also* E.D.Mo. L.R. 4.01(E).

## III. DISCUSSION

McCallister contends he is entitled to summary judgment because Respondent did not prove that he willfully violated any provision of the Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq*. He states that "it is undisputed that [he] did not purposefully disregard his legal requirements." ECF No. 14 at 3. He also asserts that it is an undisputed material fact that any alleged improper record keeping by McCallister was due to his mere inadvertence or negligence and not the result of willful or a "purposeful intent to violate the [GCA]."[2] ECF No. 15-1, ¶ 19.

Respondent contends it is entitled to summary judgment because the undisputed facts show that McCallister admitted during the administrative hearing that he willfully violated ATF's regulations, and the ATF properly revoked McCallister's license for numerous willful violations of the GCA. Respondent contends that McCallister is applying the wrong legal meaning to the term "willful" as it is understood within the context of the GCA. Under the proper standard, Respondent

---

[2] McCallister also emphasizes that he is seeking a trial de novo in this Court. Summary judgment does not run afoul with McCallister's statutory right to judicial review. Rather, summary judgment is a mechanism of judicial economy that allows for full adjudication of the merits when the facts are undisputed. The Court has conducted a de novo review of the record in order to rule on these pending Motions.

5

asserts that it is an undisputed fact that McCallister willfully violated the GCA. Therefore, Respondent argues it is entitled to judgment as a matter of law.

It is undisputed that McCallister violated numerous firearm record-keeping violations. In fact, McCallister admitted that he violated federal firearms regulations and that the violations needed to be corrected. ECF No. 17-3 at 144. The facts are not disputed in this case; a dispute exists as to the proper application of the law. Specifically, McCallister and Respondent disagree on what Respondent needs to prove in order to establish that McCallister willfully violated the GCA. McCallister believes that the ATF needed to prove "more than just mere negligence on the part of the licensee." ECF No. 14 at 3. He relies on *Rich v. United States* for this proposition. 383 F. Supp. 797, 800 (S.D. 1970). Respondent, on the other hand, relies on binding Eighth Circuit precedent to support its position. "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Cearley v. Gen. Am. Transp. Corp.*, 186 F.3d 887, 889 (8th Cir. 1999).

In order to revoke a federal firearms license, the ATF must establish that "the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter[.]" 18 U.S.C. § 923(e). "For the government to prove a willful violation of the federal firearms statutes, it need only establish that a licensee knew of its legal obligation and 'purposefully disregarded or was plainly indifferent to the record-keeping requirements.'" *On Target Sporting Goods, Inc. v. Atty Gen. of the United States*, 472 F.3d 572, 575 (8th Cir. 2007) (quoting *Lewin v. Blumenthal*, 590 F.2d 268, 269 (8th Cir.1979)). "The government is not required to show that the violations occurred with any bad purpose." *Id*.

Undisputed testimony from the administrative hearing demonstrates McCallister's awareness of the applicable record-keeping regulations as well as his repeated failure to follow these

6

regulations. For example, some of violations that support his license revocation were also the source of violations found during compliance inspections in 2004 and 2008. The record shows that after the 2008 compliance inspection, an ATF agent explained to McCallister each of his GCA violations and the corrective measures needed to be taken. At that time, he was also warned that any additional violations could be construed as willful. McCallister's repeated failure to follow known federal firearms regulations indicates plain indifference to the federal firearms regulations and requirements. *See On Target*, 472 F.3d at 575. Given the undisputed evidence demonstrating McCallister's awareness of the record-keeping requirements and his repeated failure to follow them, the Court concludes that summary judgment in favor of Respondent is appropriate.

**IV.     CONCLUSION**

Respondent's Cross-Motion for Summary Judgment will be granted and McCallister's Motion for Summary Judgment will be denied. The undisputed facts establish that McCallister willfully violated numerous federal firearms regulations, and under 18 U.S.C. § 923(e), the ATF appropriately revoked McCallister's firearms license. Therefore, Respondent is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that McCallister's Motion for Summary Judgment is **DENIED** [ECF No. 13].

**IT IS FURTHER ORDERED** that Respondent's Cross-Motion for Summary Judgment is **GRANTED** [ECF No. 16].

Dated this  6th  day of February, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE